No. 163 February 26, 2025 271

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMILY ANNE SULLIVAN,
*Defendant-Appellant.*

Linn County Circuit Court
22CR54459; A180969

Michael B. Wynhausen, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals a judgment of conviction for driving while suspended or revoked and failure to appear on a criminal citation. She raises two assignments of error. The first is an unpreserved claim that the trial court erred by imposing a $100 fine without awareness that it could waive the fine and without *sua sponte* inquiring as to defendant's ability to pay. The second concerns a special condition of probation that was not announced in open court. The state responds that the first assignment is not plain error, and it concedes that the trial court erred by imposing the probation condition not announced in open court, but it also points out that defendant's probation term was set to expire in September 2024, so the second claim of error would now be moot. We affirm.

We agree with the state that it is not plain that the trial court erred in imposing the $100 fine. Defendant identifies no authority that required the trial court to *sua sponte* inquire about defendant's ability to pay the fine, and we are not persuaded that the trial court misunderstood its ability to waive the fine. Defendant requested that the trial court waive the fine, as permitted by ORS 137.286(3). And had defendant presented evidence concerning the financial burden of the fine on defendant, that statutory provision would have required the court to consider it. But it is not plain that, when a defendant asks the court to waive a fine but presents no evidence as to the defendant's ability to pay, a trial court is required to *sua sponte* create an evidentiary record as to the defendant's financial circumstances.

We also agree with the state that it appears the second assignment of error is now moot. The state filed its answering brief in June 2024. In August 2024, the case was scheduled to be submitted in October 2024. We see no indication in the trial court file that defendant's probation was extended or otherwise did not expire in September 2024 as scheduled, and we have not received any response to the state's mootness argument from defendant. Accordingly, we reject both assignments of error and affirm the judgment.

Affirmed.